UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20196-CR-KING

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

YIMMI BALLAIZAC-HURTADO,

    Defendant.
_____:

**MOTION TO DISMISS INDICTMENT BASED ON LACK OF JURISDICTION AND UNCONSTITUTIONALITY OF THE STATUTE AND REQUEST FOR EVIDENTIARY HEARING**

    Defendant, Yimmi Bellaizac-Hurtado, through counsel and pursuant to Fed.R.Crim.P. 12(b)(3), respectfully moves to Dismiss the Indictment in the above styled case based upon the lack of jurisdiction and the unconstitutionality of the Maritime Drug Law Enforcement Act as applied to his conduct, and as grounds therefor says:

    1.    On March 25, 2010, Defendant was named in a two-count indictment returned in the Southern District of Florida. Count one of the indictment alleges that, "[b]eginning at least as early as in or about October 2008, the exact date being unknown to the Grand Jury, and continuing until at least on or about March 25, 2010, the defendants, while on board a vessel subject to the jurisdiction of the United States, . . . did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons, known and

unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 46, United States Code, Section 70503(a), all in violation of Title 46, United States Code, Section 70506(b)". Count two of the indictment alleges that, "[o]n or about March 1, 2010, the defendants, while on board a vessel subject to the jurisdiction of the United States, . . . did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 46, United States Code, Section 70503(a) and Title 18, United States Code, Section 2."

2.  The Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501 *et. seq.* (the "MDLEA") rests on Congress' authority under article I, section 8, clause 10 of the United States Constitution, to punish felonies on the High Seas. The offense in this case, however, allegedly involved the transportation of cocaine between the foreign nations of Colombia and Panama and the subject vessel was within the territorial waters of either Colombia or Panama during the entirety of the alleged criminal activity in this case. The vessel originated from Colombia, Defendant is a Colombian citizen and all of the defendants were arrested in Panama.

3.  Additionally, there is no allegation that the drugs in this case were destined for the United States, or that the case bears any relationship at all to the United States.

4.  Defendant maintains that the Court lacks subject matter jurisdiction, and the statute is unconstitutional as applied, because Congress' Article I power to define and punish Felonies on the High Seas does not encompass the power to prosecute a drug trafficking

offense that took place between two foreign nations, where the arrest was not affected on the High Seas, and both foreign nations were actively involved in the investigation and interdiction of the offense.

5. Therefore, the application of the MDLEA to the facts of this offense exceeds Congress' limited Article I powers; the United States lacks jurisdiction over both Defendant and the offense; and the indictment should be dismissed.

## MEMORANDUM OF LAW

**The United States Lacks Jurisdiction to Prosecute this Extraterritorial Drug-Trafficking Offense, Which took Place Between Colombia and Panama, Where the Vessel was of Colombian origin, the Arrest Was Not Affected on the "High Seas," But Rather inside Panama or Panamanian Waters, and the Offense Bears No Nexus to the United States.**

The indictment should be dismissed because Congress lacks the authority to prosecute this offense, and the MDLEA is therefore unconstitutional as applied to Defendant's conduct.[1] Because this case calls into question the limits of Congress' power to legislate

---

[1] This is also a question of first impression. In *United States v. Estupinan,* 453 F.3d 1336 (11th Cir. 2006), the Eleventh Circuit held that the district court "committed no error in failing to *sua sponte* rule that Congress exceeded its authority under the Piracies and Felonies Clause in enacting the MDLEA." The *Estupinan* case does not control here for three reasons: First, the *Estupinan* Court was reviewing a facial challenge to the statute, examining whether Congress exceeded its authority in enacting the MDLEA. This case, by contrast, raises the challenge as applied: Even assuming *in arguendo*, that Congress has the authority to enact the MDLEA, the specific facts of the case *sub judice* fall outside of Congress power.

Second, although the Eleventh Circuit did not decide whether a *de novo* or plain error

under Article I of the United States Constitution, it is appropriate to begin with precept that the United States government is one of limited powers, and Congress may act only within the limits of the powers specifically conferred upon it. *United States v. Morrison*, 529 U.S. 598, 607, 120 S. Ct. 1740, 1748 (2000). Furthermore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000) (internal quotations and citations omitted).

The MDLEA was enacted pursuant to Congress' power to "define and punish Piracies and Felonies on the high seas" under U.S. CONST. art. I, § 8, cl. 10 (hereafter the "Felonies on the High Seas Clause""). *See United States v. Moreno-Morillo*, 334 F.3d 819, 824-25 (9th Cir. 2003) (holding that constitutional authority for MDLEA was found in Article I, § 8, cl. 10) (citation omitted); *United States v. Suerte*, 291 F.3d 366, 375 (5th Cir. 2002) (recognizing that the Piracies and Felonies Clause is the "only specific grant of power to be found in the Constitution for the punishment of offenses outside the territorial limits of the United States"). Accordingly, Congress' jurisdiction to legislate under the MDLEA cannot extend

---

standard of review applied, the narrow holding of the case was that the district court did not err by failing to determine, "*sua sponte*" that the statute was unconstitutional. *Estupinan*, 453 F.3d 1336. Here, Defendant is properly raising the challenge before the District Court in the first instance.

Third, the *Estupinan* case is distinguishable on its facts: The defendant was arrested in international waters. This challenge is to a case wherein the vessel was Colombian, the arrest occurred within the jurisdiction of another country (Panama), and it is unclear whether the vessel ever traveled into international waters at any time. Hence, *Estupinan* does not control the decision herein.

4

any broader than that granted to it under the Felonies on the High Seas Clause. *See United States v. Lopez,* 514 U.S. 549, 566 (1995) (noting the principle that Congress may legislate only within the ambit of its specifically enumerated powers).

The Felonies on the High Seas Clause grants Congress power to regulate offenses occurring in international waters - where no one nation may be said to have exclusive authority. This is not to say, however, that Congress may regulate any and all conduct occurring on the High Seas. There are some limits to Congress' authority to enact extraterritorial laws. *See United States v. Furlong*, 18 U.S. 184, 194, 198 (1820) (holding that Congress could not define "Piracy" to include a murder of a foreigner by a foreigner on a foreign ship, and acknowledging that there are offenses on the high seas in which Congress has "no right to interfere").

Even accepting that Congress may prosecute drug offenses not involving the United States that occur on the High Seas, this case still exceeds Congress power -- because it did not truly involve an offense occurring on the High Seas. In the vast majority of MDLEA prosecutions, the defendants have been arrested in international waters where no one nation has a particular interest in the offense.

This case is different. The indictment alleges that the offense began as much as seventeen months prior to the arrest. The discovery reveals that the offense was actively investigated by the Colombian government, and that the vessel originated in Colombia. The arrest was effectuated in Panama, with both Panamanian and Colombian governmental actors

5

involved. This is not a "felony on the high seas." The government has not alleged or demonstrated that *any* of the alleged criminal activity occurred on the high seas or that the vessel in this case even traveled in International waters at any time. It is an offense between two foreign nations in which Article I of the United States Constitution grants Congress, "no right to interfere." *See Furlong*, 18 U.S. at 198.

Congress's authority to punish felonies on the High Seas does not extend to a drug trafficking offense which involved two foreign nations and where the arrest did not even take place on the High Seas. The statute is therefore unconstitutional as applied to Defendant and the indictment against him should be dismissed.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:    */s/ Stewart G. Abrams*
Assistant Federal Public Defender
Florida Bar No. 0371076
150 W. Flagler Street, Suite 1500
Miami, Florida 33130-1556
(305) 530-7000 Ext. 4256
(305) 536-4559, Fax
E-Mail: stewart_abrams@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2011, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                     */s/ Stewart G. Abrams*

## SERVICE LIST
### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
### UNITED STATES v. YIMMI BALLAIZAC-HURTADO
### CASE NO. 10-20196-CR-KING

Stewart G. Abrams, AFPD
E-mail:stewart_abrams@fd.org
Federal Public Defender's Office
150 W. Flagler Street, Suite 1500
Miami, Florida 33130-1556
(305) 530-7000 Ext. 4256
(305) 536-4559, Fax
Attorney for the Bellaizac-Hurtado
Via: CM/ECF

Dustin Davis, AUSA
E-mail: dustin.davis@usdoj.gov
United States Attorney's Office
99 NE 4 Street
Miami , FL 33132
(305) 961-9000
(305) 536-4699, Fax
Attorney for the government
Via: CM/ECF

Albert Zachary Levin , Esq.
261 NE First Street
6th Floor
Miami, FL 33132
305-379-7101
Fax: 305-372-0052
Email: alevinlaw@aol.com
Attorney for Angulo-Rodallega

Philip Robert Horowitz, Esq.
9130 South Dadeland Boulevard
Suite 1910 - Two Datran Center
Miami, FL 33156
305-670-1915
Fax: 305-670-1901
Email: HorowitzDefense@aol.com
Attorney for Gonzalez-Valois

Orlando do Campo, Esq.
do Campo & Thornton, P.A.
Bank of America Tower
100 S.E. 2nd Street
Suite 2700
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com
Attorney forRiascos-Hurtado