# EXHIBIT A

11012384-3

# United States of America



## DEPARTMENT OF STATE

*To all to whom these presents shall come, Greetings:*

ify That Daniel Deptula, whose name is subscribed to the document hereunto annexed, was at
of subscribing the same Commander, Coast Guard, Maritime Law Enforcement Officer and
fficer, Bureau of International Narcotics and Law Enforcement Affairs, Department of State,
tes of America, and that full faith and credit are due to his acts as such.

*is certificate is not valid if it is removed or altered in any way whatsoever*



In testimony whereof, I, Hillary Rodham Clinton, Secretary of State, have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this thirteenth day of January, 2011.

Secretary of State

By _____

Assistant Authentication Officer,
Department of State

*Issued pu to CHXIV,*
*Sept. 15, 1 Stat. 68-t.*
*USC 265! SC 2651a; 5*
*301; 28 U 33 et. seq.; 8*
*1443(f); R. 4 Federal Rul*
*Civil Proce*




United States Department of State

*Washington, D.C. 20520*

13 January, 2011

### CERTIFICATION FOR THE MARITIME DRUG LAW ENFORCEMENT ACT CASE INVOLVING GO-FAST VESSEL (WITHOUT NATIONALITY) FEDERAL DRUG IDENTIFICATION NUMBER (FDIN) – 2010377914

I, Commander Daniel Deptula, USCG, declare as follows:

1. That I have been assigned as the Coast Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement Affairs, U.S. Department of State, since 16 August 2010.

2. That in my official capacity, I have been designated by the Secretary of State, through the Assistant Secretary of State for International Narcotics and Law Enforcement Affairs, to make certifications under 46 U.S.C. §§70502(c)(2) & (d)(2) and 18 U.S.C. 2237(d).

3. That I make the following statements based upon my personal knowledge or upon information furnished to me in the course of my official duties.

4. I certify the following:

    a. On or about March 2, 2010, Panamanian National Aero-Naval Service (SENAN) personnel located, then pursued, a "go-fast" vessel heading north in Panama's territorial waters in the vicinity of Playa Muerto, Darien Province. The "go-fast" vessel was not displaying any registry numbers, a hailing port, or flying a national flag. The "go-fast" vessel fled and evaded Panamanian authorities; when the "go-fast" vessel was approximately 100 yards from the Panamanian shore in the vicinity of Playa Muerto, the crew abandoned the vessel, swam ashore, and hid in the forest. As SENAN personal began the process of interdicting the abandoned "go-fast" vessel, the crew, now onshore, opened fire. The "go-fast" vessel was ultimately interdicted and towed to shore.

    b. That same day, a subsequent search of the interdicted vessel by Panamanian authorities resulted in the seizure of 760 kilograms of cocaine and eight gas tanks containing 90 gallons of gasoline. No registration documents evidencing the vessel's nationality were discovered on board the vessel.

    c. The four crew members who were on board the vessel were later arrested by Panamanian National Frontier Service personnel that same day and the following day. The four arrested subjects identified themselves as being the four individuals on the vessel. Neither the

master of the vessel nor crew member made a verbal claim of nationality or registry of the vessel.

    d. On March 29, 2010, the U.S. Embassy in Panama sent a Diplomatic Note to the Foreign Ministry of the Government of the Republic of Panama requesting, in accordance with Article 2505 of the Judicial Code of the Panama, that the four suspects be granted conditional release to face drug trafficking charges in the Southern District of Florida. On April 9, 2010, the Foreign Ministry sent a Diplomatic Note to the U.S. Embassy in Panama endorsing the "Simple and Conditional Surrender" of all four suspects so they could face drug trafficking charges in the Southern District of Florida, thereby consenting to the enforcement of United States law by the United States, as set forth in 46 U.S.C. § 70502(c) (1) (E).

    e. The Government of the United States has also determined that the vessel was without nationality, in accordance with 46 U.S.C. § 70502(d) (1). No claim of nationality or registry was made, as set forth in 46 U.S.C. § 70502(e), thereby also rendering the vessel subject to the jurisdiction of the United States pursuant to 46 U.S.C. § 70502(c)(1)(a).

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 13, 2011.

*/s/ Daniel Deptula*

Daniel Deptula
Commander, U. S. Coast Guard
Maritime Law Enforcement Officer
U. S. Coast Guard Liaison Officer to the Bureau of
International Narcotics and Law Enforcement Affairs
U. S. Department of State